UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-2356-KK-DTBx** | Date: | February 12, 2025 |
|---|---|---|---|
| Title: | *John Roe CF 85 v. DOE 1, a corporation et al.* | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

|  Noe Ponce  |  Not Reported  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 10]**

## I.
## INTRODUCTION

On August 26, 2024, plaintiff John Roe CF 85 ("Plaintiff") filed a Complaint against defendants The Church of Jesus Christ of Latter-day Saints ("LDS" or "Doe 1"), Temple Corporation of The Church of Jesus Christ of Latter-day Saints ("Temple" or "Doe 2"), and the Riverside California Stake ("Riverside Stake" or "Doe 3") (collectively, "Defendants") in the Superior Court of California, Riverside, alleging, among other things, negligence, negligent supervision of a minor, and sexual abuse of a minor.  ECF Docket No. ("Dkt.") 1-1, Complaint ("Compl.").  On November 5,  2024, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. Dkt. 1.  On December 5, 2024, Plaintiff filed a Motion to Remand to the Superior Court of California, Riverside ("Motion").  Dkt. 10.

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); L.R. 7-15.  For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

## II.
## BACKGROUND

On August 26, 2024, Plaintiff filed a Complaint against Defendants alleging the following claims: (1) negligence; (2) negligent supervision of a minor; (3) sexual abuse of a minor; (4) negligent hiring, supervision, and retention; (5) negligent failure to warn, train, or educate; and (6) breach of

mandatory duty.  Compl.  The claims arise from allegations Plaintiff was sexually assaulted by
Defendants' Elder, Dennis Keaton.  Id. ¶ 2.

On October 23, 2024, Defendants filed an Answer to the Complaint.  Dkt. 1-19.

On November 5, 2024, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441
and 1446.  Dkt. 1.  Defendant argues removal is proper because Plaintiff and Defendants are citizens
of different states, and the amount in controversy exceeds $75,000.  Id.

On December 5, 2024, Plaintiff filed the instant Motion.  Dkt. 10.  Plaintiff argues (1)
Riverside Stake is an independent entity, not an entity of defendant LDS, and thus destroys diversity;
(2) Defendants cannot meet their burden to establish Plaintiff's citizenship; and (3) Defendants'
removal attempts "to circumvent the forum defendant rule."  Dkt. 10-1 at 5-14.

On January 23, 2025, Defendants filed an Opposition to the Motion.  Dkt. 23.  Defendants
argue (1) Riverside Stake is a local church of defendant LDS and, therefore, not a separate legal
entity with different citizenship; (2) Defendants have met their burden in alleging Plaintiff's
citizenship; and (3) the forum defendant rule is inapplicable.  Id. at 6-15.

On January 30, 2025, Plaintiff filed a Reply.  Dkt. 28.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the
action is one over which federal courts could exercise original jurisdiction.  When removing a case
under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties,
and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see also Chavez v. JPMorgan
Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to
establish that removal is proper and any doubt is resolved against removability."  Luther v.
Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc.,
980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against
removal jurisdiction").  Complete diversity requires "each plaintiff must be of a different citizenship
from each defendant."  Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir.
2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

///

///

///

///

///

# IV.
# DISCUSSION

## A.    RIVERSIDE STAKE IS NOT AN INDEPENDENT ENTITY WITH JURAL STATUS

### 1.    Applicable Law

The federal diversity jurisdiction statute provides "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" is its "nerve center" – it is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).  "A corporation's nerve center" will "normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination[.]"  Id.  Moreover, "[a] division of a corporation does not possess [a] formal separateness" from the corporation, "and thus is not an independent entity for jurisdictional purposes."  Breitman v. May Co. California, 37 F.3d 562, 564 (9th Cir. 1994) (quoting Schwartz v. Elec. Data Sys., Inc., 913 F.2d 279, 284 (6th Cir. 1990)).

### 2.    Analysis

Here, the Court finds Riverside Stake is part of defendant LDS and, thus, not an independent entity with jural status.

It is undisputed that defendant LDS is incorporated under Utah law as a corporation sole, with a principal place of business in Salt Lake City, Utah.  Dkt. 1 at 4.  Plaintiff argues Riverside Stake is an independent entity from defendant LDS because "[e]ach stake is headed by a Stake President and comprised of State clerks, secretaries, councils, and committees[,]" and therefore, the Stake "maintains it[s] principal place of business in Riverside, California."  Dkt. 10-1 at 9-10.[1]  However, as acknowledged and alleged in the Complaint, this hierarchy is part of defendant LDS' formation for local churches, and local church leaders are subject to such organization as outlined by defendant LDS' "General Handbook: Serving in The Church of Jesus Christ of Latter-day Saints."  See Compl. at 7-9; dkt. 10-1 at 9.  Indeed, Plaintiff specifically alleges, "Defendant Doe 1, is and was . . . the religious entity, located at Riverside, California[.]"  Compl. ¶ 5.  Moreover, Plaintiff cites no authority, nor has the Court identified any, to support the argument that an incorporated church's status does not apply to the incorporated church's various places of worship.  See generally dkts. 10-1, 28.

Hence, the Court finds Riverside Stake is part of defendant LDS' network of churches and is subject to defendant LDS' control, which emanates from Salt Lake City, "and thus is not an

---

[1] Notably, Plaintiff punctuates this assertion with a footnote to the "Meetinghouse Locator" page on defendant LDS' website, where the public can view locations of where to attend defendant LDS' services.  See dkt. 10-1 at 10.  In addition, the Court notes Plaintiff, in his Complaint, asserts Riverside Stake is a subsidiary of defendant LDS but then argues in his Motion to Remand it is an unincorporated association under California law.

independent entity for jurisdictional purposes." Breitman, 37 F.3d at 564.[2]  Accordingly, Riverside Stake is not an independent entity for jurisdictional purposes.

## B.    DEFENDANTS SUFFICIENTLY PLEAD MINIMAL DIVERSITY

### 1.    Applicable Law

To be a citizen of a state, "a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). A "natural person's state citizenship is [ ] determined by [their] state of domicile, not [their] state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. (citations omitted).

The removing party has the burden of pleading minimal diversity. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).  "Congress, by borrowing the familiar 'short and plain statement' standard from [Federal Rule of Civil Procedure] 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" Dart Cherokee, 574, U.S. at 87 (quoting H.R. Rep. No. 100-889, at 71 (1988)).  Thus, "[a] party's allegation of minimal diversity may be based on 'information and belief[,]'" and the pleading "need not contain evidentiary submissions.'" Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223 (9th Cir. 2019) (citations omitted).

"A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, see 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1).  As under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations[.]"  Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014).  "A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." Id. (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotation marks omitted).  In contrast, a factual attack "contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the pleadings." Id. (quoting Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks omitted).  Only upon a factual attack must a defendant support its allegations by a preponderance of the evidence with competent proof. Leite, 749 F.3d at 1122.  Under a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. Ehrman, 932 F.3d at 1228.

### 2.    Analysis

Here, Plaintiff makes a facial attack, arguing Defendants' allegations regarding Plaintiff's citizenship are insufficient. Dkt. 10-1 at 24-25.  At this stage, and in light of Plaintiff's facial attack, Defendants need only allege citizenship in their Notice of Removal. Ehrman, 932 F.3d at 1228. Contrary to Plaintiff's assertions, the Court finds Defendants' jurisdictional allegations satisfy their burden of pleading minimal diversity.  In its Notice of Removal, Defendants allege: "Plaintiff alleges

---

[2] Based on its finding, the Court **DENIES** Plaintiff's request for additional time to conduct discovery and declines to address the fraudulent joinder arguments presented by the parties.

he is a resident of Riverside, California[,]" which is supported by public records indicating, among other things, his current address is in Riverside County, and "has used his current address since March 1994," and therefore, Plaintiff is domiciled in California and accordingly, a citizen of California. Dkt. 1 at 3-4. Thus, accepting Defendants' allegation "Plaintiff is a citizen of California" as true, the Court finds Defendants have adequately pled Plaintiff's citizenship.[3] Ehrman, 932 F.3d at 1228 ("[Defendant] alleged the parties' citizenships based on information and belief in its notice of removal. And, because [plaintiff] asserted a facial, rather than a factual or as-applied, challenge to the notice of removal, those allegations were sufficient [and] . . . . [n]o evidence was required.").

Accordingly, since Defendants sufficiently pled Plaintiff is a citizen of California and Defendants are citizens of Utah, Defendants have met their burden of pleading minimal diversity at this stage.

## C.    REMOVAL BEFORE SERVICE OF PROCESS DOES NOT WARRANT REMAND

### 1.    Applicable Law

Under 28 U.S.C. § 1446(b)(1), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" The Ninth Circuit has held "formal service is not a prerequisite to removal under § 1446(b)(1)." Mayes v. American Hallmark Insurance Company of Texas, 114 F.4th 1077, 1079 (9th Cir. 2024). Moreover, other removal statutes support this conclusion "[b]ecause § 1448 expressly authorizes service after removal," and thus "confirms that § 1446(b)(1) does not require service before removal." Id.

### 2.    Analysis

Here, Plaintiff argues because Defendants filed their Notice of Removal before service of process, the case should be remanded to state court. Dkt. 10-1 at 20-24. Contrary to Plaintiff's argument, Defendants are not prohibited from filing a notice of removal before formal service. See Mayes, 114 F.4th 1077 at 1079. Accordingly, Defendants filing the Notice of Removal before formal service is proper and does not warrant remand. Id.

///

///

///

---

[3] The Court is not pleased with Plaintiff's apparent gamesmanship regarding Plaintiff's citizenship. While Plaintiff makes only a facial attack, Defendants have more than sufficient evidence to satisfy a factual attack. See dkt. 1 at 4 (citing a review of public records establishing, among other things, Plaintiff's current address is in Riverside County, Plaintiff has had employment in Riverside County, Plaintiff has a valid California driver's license, and Plaintiff has continuously used his current address since 1994). Similar frivolous motions will result in sanctions.

## V.
## <u>CONCLUSION</u>

For the foregoing reasons, the Court finds Defendants have met their burden to establish minimal diversity and an amount in controversy over $75,000,[4] demonstrating removal is proper. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.

---

[4] The parties do not dispute the amount in controversy exceeds $75,000.